IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CAROLYN WAXLER, )
 )
              Plaintiff, )
 )
      v. )   No. 12-3053-SSA-CV-S-MJW
 )
CAROLYN W. COLVIN, )
Acting Commissioner, )
Social Security Administration, )
 )
             Defendant. )

## ORDER

Plaintiff Carolyn Waxler seeks judicial review[1] of a final administrative decision denying her disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and the complete facts and arguments are presented in the briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Carolyn Waxler was born in 1948 and was 59 years of age on the date of her alleged disability onset of June 12, 2007. Plaintiff alleges disability mainly due fibromyalgia and osteoarthritis.

After reviewing this case in its entirety and considering the arguments of the parties, this Court finds there is substantial evidence in the record as a whole to support the decision of the administrative law judge (ALJ) that plaintiff is not disabled as defined by the Social Security Act.[2]

Specifically, the ALJ did not err in determining plaintiff's allegations of disabling symptoms were not credible based on a number of factors, including lack of objective medical evidence. See Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

2

concerning claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court). The ALJ properly cited to substantial evidence in the record showing limited medical treatment during the relevant period, with no doctors limiting plaintiff's activities or making note of her alleged serious memory problems.

The ALJ's residual functional capacity (RFC) determination that plaintiff could do sedentary work was also supported by the record. The ALJ is not required to rely entirely on a particular physician's opinion or choose between opinions in order to properly determine the claimant's RFC. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011).

This Court finds the ALJ's decision falls within the available zone of choice and, therefore, should be affirmed. See Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008) (court will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice).

IT IS, THEREFORE ORDERED that the decision of the Commissioner is affirmed.

Dated this 27th day of March, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge